UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMONA McEWEN,

       Plaintiff,                                       Case No. 1:08-CV-1102

v.                                                        Hon. Robert J. Jonker

UNIVERSITY PARK, et al,

       Defendants.

_____/

**ORDER GRANTING MOTION TO COMPEL**
**RETURN OF DOCUMENT**

Pending before the court is Defendant's Motion to Compel Return of Document and Have Document Declared Subject to Attorney-Client Privilege and/or Work-Product Doctrine (docket no. 13). The court scheduled a hearing on this motion for April 30, 2009 at 2:00 p.m., which was subsequently cancelled.[1]

The court has reviewed the document in question (bates stamp number 0357), a one-page email from Missy Clark, defendant University Park's Director for Organization & Talent Effectiveness for Sanctuary, which was sent in response to defense counsel's request for

---

[1] On the morning of the hearing, plaintiff's counsel informed the court that he was not going to appear at the hearing and was content to rely upon his brief. **To avoid any misunderstandings, counsel is cautioned that the court is not obligated to schedule hearings, but when it finds a need to do so, it expects all counsel concerned to appear, unless specifically excused by the court.** (The court recognizes that where there are multiple plaintiffs or defendants, not all attorneys will necessarily be concerned with all motions; if this is the case, counsel need not appear.) **In short, when the court schedules a hearing, attendance by counsel is not optional.** In this instance, the court elected to treat counsel's failure to appear as a misunderstanding, and to decide the motion on the merits, relying on the briefs and cancelling the hearing.

information.  The court has reviewed the email *in camera* and is satisfied that it is a communication protected by the attorney-client privilege.[2]

The defendant's motion is GRANTED.  Plaintiff's counsel shall immediately return the subject email to defense counsel, and destroy all copies.  The email is hereby excluded from evidence and shall be treated as privileged throughout the remainder of these proceedings, unless the privilege is subsequently waived by the defense or until further order of the court.

IT IS SO ORDERED.


Dated:  May 1, 2009                                          /s/ Hugh W. Brenneman, Jr.
                                                             HUGH W. BRENNEMAN, JR.
                                                             United States Magistrate Judge

---

[2] There was also an attachment to the email.  The defense has indicated that it does not seek to protect the attachment, and therefore this order pertains only to the one-page email.